**SO ORDERED.**

**SIGNED this 10 day of March, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

**IN RE:**

**CHARLES JEROME WATERFIELD,**

|  |  |
|---|---|
| **Debtor.** | **Case No. 08-08901-8-JRL** |
|  | **Chapter 7** |

_____

### ORDER

This matter is before the court on the Chapter 7 Trustee's motion to dismiss. The debtor filed his Chapter 7 petition on December 11, 2008. The debtor filed a previous Chapter 7 petition (Case No. 04-01730, Eastern District of North Carolina) on March 3, 2004 and received a discharge on June 9, 2004. On January 29, 2009, the Trustee filed a motion to dismiss the debtor's pending case based on the debtor's ineligibility for discharge under § 727(a)(8). The debtor did not appear at the 341 meeting of creditors on February 19, 2009 and failed to respond to the Trustee's motion to dismiss.

A Chapter 7 debtor is ineligible to receive a discharge if the debtor previously received a discharge in a case commenced within 8 years prior to the date of the petition. 11 U.S.C. § 727(a)(8). The Bankruptcy Code further provides that the court, after notice and a hearing, may

dismiss a Chapter 7 case for cause.  Id. § 707(a).  Cause for dismissal exists where the debtor is precluded from receiving a discharge in a pending case under § 727(a)(8).  See In re Fry, No. 04-16887, slip op. at 4, 2008 WL 4682266  (Bankr. D. Kan. Oct. 14, 2008) (citing In re Blanchette, 54 B.R. 890, 892 (Bankr. D.R.I. 1985).  Here, the debtor filed his Chapter 7 petition during the period in which discharge is precluded.  The court finds that cause exists to warrant dismissal of the pending case.

Based on the foregoing, the motion to dismiss is ALLOWED.

"END OF DOCUMENT"